UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRED DEFRANCESCH | * | CIVIL ACTION NO. 25-2299 |
| | * | |
| | * | SECTION: "C"(1) |
| VERSUS | * | |
| | * | JUDGE WILLIAM J. CRAIN |
| | * | |
| SLIM WELLNESS STUDIO, LLC, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ********************************* | * | |

ORDER AND REASONS

This is a breach of contract, breach of express and implied warranty, redhibition, and unfair trade practices case arising out of the purchase of a cryotherapy chamber. Presently, plaintiff moves to amend the complaint to clarify certain factual allegations and include additional claims. Because none of the factors considered under Federal Rule of Civil Procedure 15 weigh against granting leave to amend, the Court finds that justice requires that it do so. Accordingly, IT IS ORDERED that plaintiff's Motion for Leave to File First Amended and Supplemental Complaint (Rec. Doc. 20) is GRANTED; plaintiff's First Amended and Supplemental Complaint shall be entered into the record.

Background

Plaintiff Dr. Fred DeFrancesch first contacted Slim Wellness Studio, LLC d/b/a Vacuactivus ("Vacuactivus") in early 2024 expressing his interest in purchasing a cryotherapy unit and installing it in his Metairie office, one of several locations where he provides medical and therapeutic treatments. He paid a deposit and later received an invoice on May 3, 2024. Issues soon began as his construction team became frustrated regarding the lack of specifications regarding the piping required for the chiller component of the cryotherapy system. Then, he experienced delivery delays. The expected mid-August delivery date was pushed back to mid-September, but the unit

1

did not arrive at that time. By October 29, 2024, Dr. Francesch demanded a photograph of the unit, with dimensions. Finally, the unit arrived on January 20, 2025, and Vacuactivus dispatched a technician to assemble it. This technician signed a Certificate of Completed Delivery and Installation, but Dr. DeFrancesch alleges he never saw or signed it. He insists that the technician was never his agent.

In February 2025, Dr. DeFrancesch emailed CEO Nick Lakhomoff (through whom most of his communications and correspondence with Vacuactivus had been had) to raise several issues, including needing information for his insurer and needing further demonstration of the proper startup sequence for the unit. Dr. DeFrancesch alleges that over the next weeks, he and his team followed the operations manual and instructions provided by Lakhomofff to operate the cryotherapy unit. But it mostly failed to operate as advertised. Then on March 3, 2025, Lakhomoff emailed Dr. Francesch a notice of cancellation of warranty service, technical, and customer support on the grounds that Dr. Francesch had failed to pay the remaining $21,107.59 allegedly due. Issues with the functionality of the cryotherapy unit allegedly continued and eventually Dr. DeFrancesch was forced to purchase a second cryotherapy unit from a different company.

Dr. DeFrancesch filed this lawsuit in September 2025 against Vacuactivus and Lakhomoff in Louisiana state court alleging claims for breach of contract, breach of express and implied warranty, redhibition, and unfair trade practices. He seeks cancellation of the contract, a refund of the $27,463 he paid, reimbursement for damages and compensation incurred as a result of defendants' actions, and an award of attorneys' fees.

Defendants removed to this Court on November 11, 2025. Two days later, each defendant filed a motion to dismiss. Defendants argue that Dr. DeFrancesch has not plead sufficient minimum contacts to establish personal jurisdiction over them, that they were not properly served, that venue

2

is not proper in this district, and that Dr. DeFrancesch has failed to state a claim against them. The motions have been under submission since mid-December 2025 and remain pending. Trial has not yet been set.

On February 28, 2026, Dr. DeFrancesch filed the present Motion for Leave to Amend. He explains merely that he seeks to "clarify and supplement certain factual allegations, and include additional claims." Rec. Doc. 20. The proposed pleading does not name any new defendants or list new causes of action, but it alleges what Dr. DeFrancesch describes as "substantial evidence supporting the application of the alter ego doctrine to these defendants." Rec. Doc. 20-2, at 2. He argues that the Court should grant leave to amend pursuant to Federal Rule of Civil Procedure 15 because it is early in the case and there has been no undue delay, bad faith, or dilatory motive. He has never previously amended his complaint, nor changed the causes of action. And he submits there are no futility issues present.

Defendants oppose, arguing that the new allegations are nearly identical to the assertions Dr. DeFrancesch made in affidavits opposing the defendants' motions to dismiss. They submit that although Dr. DeFrancesch asserts alter-ego allegations, he does not assert any alter-ego or veil-piercing claims. They insist that the proposed pleading does not cure the deficiencies they raised in their motions to dismiss. Further, they argue that Dr. DeFrancesch has engaged in undue delay by attempting to moot the pending motions to dismiss over four months after they were filed. They complain that the only impact of the proposed pleading would be to reopen briefing on those motions to dismiss. This, they argue, would result in additional costs, which would prejudice them. Finally, they insist that the pleading is futile because it does not cure the deficiencies in the original petition.

Law and Analysis

*1. Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

*2. Analysis*

The Court finds that justice requires granting leave in this case because none of the factors that may warrant denying leave are present here.

First, Dr. DeFrancesch's delay is not undue. Importantly, "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." Mayeaux v. Louisiana Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004). While Dr. DeFrancesch might have sought leave to amend at the time he opposed the motions to dismiss, his decision to do so now does not reflect *undue* delay.

4

It is true that defendants' motions to dismiss may be mooted and they may choose to refile new ones. But this result was just as likely had Dr. DeFrancesch sought leave to amend at the same time (or before) he opposed the motions to dismiss. Having to file reply briefs that could have been avoided by an earlier motion for leave to amend is not sufficiently prejudicial to justify denying leave to amend under the circumstances of this case. For the same reason, the Court finds no undue prejudice to the defendants by virtue of allowing the amendment.

There is certainly no evidence of bad faith or dilatory motive by Dr. DeFrancesch. Nor does the motion reflect repeated failed efforts to cure deficiencies in earlier pleadings. This is his first amended pleading.

Finally, the Court finds that the proposed pleading is not futile. Whether it is sufficient to survive a motion to dismiss can be addressed if and when such a motion is filed. Norman v. Webster, No. CV 24-240, 2025 WL 699681, at *4 (E.D. La. Feb. 28, 2025) ("[T]he issue of futility is better addressed in the context of a Rule 12(b)(6) motion rather than a Rule 15(a) motion for leave to amend.").

The Court cannot find any reason, let alone a substantial one, to deny leave to amend here. To the contrary, the Court finds that justice requires leave be granted so that Dr. DeFrancesch's allegations may be considered by the Court.

## Conclusion

Finding that justice requires granting Dr. DeFrancesch leave to amend, IT IS ORDERED that his Motion for Leave to File First Amended and Supplemental Complaint (Rec. Doc. 20) is GRANTED. The First Amended and Supplemental Complaint shall be entered into the record.

New Orleans, Louisiana, this 2nd day of April, 2026.

_____
Janis van Meerveld
United States Magistrate Judge